**BIRELEY, GUARDIANSHIP, IN RE, Plaintiff-Appellant v. PLESSINGER, Defendant-Appellee.**

Ohio Appeals, Second District, Darke County.

No. 626.  Decided June 19, 1944.

Murphy & Staley, Greenville, for Guardian-Appellee.
Joseph W. Sharts, Dayton, for Plaintiff-Appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Probate Court.

The assignments of error are predicated upon the action of the court upon exceptions of Agnes Bireley to the first and final account of A. R. Plessinger, Guardian of Agnes Bireley. The original exceptions numbered 1 to 6, inclusive, were extended and No. 6 had eight sub-headings. Thereafter, by supplemental exceptions, headings 7 and 8 were added. At the conclusion of appellant's case the trial judge on motion of the appellee struck out Items 1, 2, and 3 of the exceptions and all of Item 6. Upon hearing on more evidence the court found against the appellant on the 4th, 5th, 7th and 8th exceptions. The assignments of error in this court are directed to the action of the trial judge heretofore stated.

We will not undertake to set out the exceptions in their entirety as they would add nothing to this opinion and all of them are known to counsel and carried in their respective briefs.

We have been favored with the opinions of Judge Thomas upon the hearings on the exceptions and are fully in accord with his conclusions on all matters determinative of this appeal and with his reasons therefor. We might well affirm the judgment upon these opinions alone but will comment briefly upon some of the questions presented by the errors assigned.

There is conflict in the testimony, but, upon that which was offered in behalf of the defendant which the trial judge had the right to believe in its entirety, the conduct of the defendant while guardian of appellant must be reconciled with good faith. The situation with which he was confronted was difficult and no doubt accounts in part, at least, for the fact that the proceeds of the sales, especially the personal property, were so small.

Exception No. 1 is based upon the claim that no proper notice was given to the incompetent of the application for appointment of guardian nor of the hearing thereon.

The record discloses that the proceedings to declare the plaintiff an incompetent were instituted and completed on the 9th of December, 1941, and she was committed to the Dayton State Hospital. On the same day, application for appointment of guardian was made, date of hearing fixed for December 12th and notice of hearing given to the plaintiff, and to the matron of the Darke County jail where she was incarcerated, and notice to next of kin. On the 16th of December the defendant also filed application for appointment of himself or other suitable person as guardian for the incompetent and on the same day he was appointed and bond given. It will be observed that due notice of the first application for appointment of guardian was served upon the plaintiff; that the plaintiff had been adjudged an incompetent person on the 9th of December. No further notice was given to the plaintiff upon the application of the defendant for appointment of guardian. It is the failure to give this further notice which is made the subject of exception No. 1 and which the court held was not such an irregularity as to invalidate the appointment. We are in accord with this conclusion. The defendant was put on notice of the fact that the jurisdiction of the court was invoked upon the question whether or not a guardian should be named for the defendant and in the situation presented here, at least, the identity of the appointee would not in any wise affect the substantive rights of the plaintiff. There was but one hearing on the applications. The court cited and relied upon an opinion of Judge McClelland of the Probate Court of Franklin County, Ohio, in **In Re Joyce, 19 OO 506,** which holds that notice much like that given in this case meets the requirements of **§10507-4 GC.**

It is further claimed that, inasmuch as the defendant had been removed to the Dayton State Hospital in Montgomery County, prior to the hearing on the application for appointment of guardian, the Darke County Probate Court had no jurisdiction to appoint the guardian. Supporting this claim appellant cites **Connor v Lamneck, 133 Oh St 257,** and In Re Greer, 24 O. N. P. N. S. 46. Here there was no conflict upon the question of domicile of the plaintiff as in **Connor v Lamneck.** The incompetent was a resident of Darke County when the jurisdiction of the court was invoked. We are of opinion that the application of the principles announced in the cited cases is not fatal to the action taken here.

The second exeception questioned the appointment of the guardian because of the inadequacy of the financial worth of the sureties and because they did not appear in court and make oath as to their property holdings, as provided by §10506-6, and by Rule 3 of the Uniform Rules of Practice in the Probate Courts of Ohio. In view of the fact that the trial court found with the defendant upon the validity of his appointment and denied all exceptions to his account and, as this court has reached the same conclusion, the question of the inadequacy of the bond was without effect upon the validity of the guardian's appointment.

The third exception asserts that the defendant pursuant to conspiracy with Harry E. Miles to defraud the plaintiff, under color of law, and to plunder, waste and squander her property, did in the several particulars set forth, dissipate the estate of the plaintiff.

At the conclusion of the plaintiff's case there was no support, upon any reasonable view of the evidence, of the claim that the defendant was a party to any conspiracy to defraud the plaintiff. Insofar as the record discloses, the defendant did not come into the proceedings incident to the inquest as to the incompetency of the plaintiff, or the appointment of guardian for her, until after she had been declared an incompetent and the basic adjudication had been made upon which he was eventually appointed guardian. Nor was there a scintilla of evidence upon subsequent developments to support the claim of any collusive arrangement between Miles, who was the Probate Judge and the defendant, who was the guardian.

The court further held and, we think properly, that inasmuch as it did not appear that the guardian had not conformed to any and all orders which could be related to the sale of the real estate of plaintiff, the exception No. 6 was a collateral attack upon the proceeding to sell the real estate. An examination of the controlling statutes, as to private and public sales by fiduciaries of their wards or decedents estate, is convincing that such proceedings are separate and distinct from the ordinary duties performed by such fiduciaries in the conduct of their trusts.

Some effort is made to raise the question of the validity of the order of the Probate Judge made succeeding the filing of an affidavit setting forth plaintiff's incompetency, direct-

ing the sheriff to take over her buildings and ordering the vacation of her home and premises. It is obvious that the defendant could not be charged with this order, nor the effect thereof, as it was made before he was connected in any manner, so far as the record discloses, with the proceedings.

A number of questions were raised on the exceptions and are presented here touching the validity of certain phases of the proceeding to sell the ward's real estate. We do not discuss them because of our conclusion that these proceedings were separate and distinct and, if invalid in any particular, should be challenged in that action which procedure we note has been invoked by Agnes Bireley in her petition for new trial in this original proceeding. We have however, examined the question of the general jurisdiction of the court, as appears from the service of process on the necessary parties to the action, and are satisfied that want of jurisdiction does not appear.

We might observe, respecting the claim that the notice of appeal from the order in the real estate proceedings stated all further action thereon in the Probate Court, that the appeal is noted generally without designation of the type. There is, however, no bond. So that, in no view of the appeal could it have been upon law and fact and must be considered as upon questions of law only. In this situation all jurisdiction in the cause not inconsistent with the power of the appellate court to reverse, vacate or modify the final order which it was alleged was erroneous is left in the trial court, **Good v Wiggins, 12 Oh St 341.** It will be noted in the case cited that the pronouncement was made in the face of the fact that there had been a bond given for stay of execution. Here no attempt whatever was made upon the appeal notice to give a supersedeas bond as provided by the statute.

We have carefully examined this record in its entirety in the light of the unusually helpful briefs and although there are many questions discussed and numerous cases cited which we have not considered in detail, we are satisfied that no error has intervened in this case to the prejudice of the plaintiff in any of the particulars set forth in the assignment of errors. The judgment will be affirmed.

BARNES, PJ. and GEIGER, J., concur.