**In re GUARDIANSHIP OF ARMSTRONG.**

[Cite as *In re Guardianship of Armstrong* (1993), 87 Ohio App.3d 452.]

Court of Appeals of Ohio,
Paulding County.

No. 11–92–10.

Decided May 4, 1993.

*Cook & Troth* and *Norman E. Cook,* Paulding, for appellant Ted Armstrong.

*James P. Spriggs,* Paulding, for appellee Faye Armstrong.

---

HADLEY, Judge.

Appellant, Ted Armstrong, appeals from the judgment of the Paulding County Court of Common Pleas, Probate Division, which determined that a disinterested person be appointed the guardian of appellant's person and estate.

In March 1989, appellant executed a durable power of attorney, naming his son Gary Armstrong as his attorney in fact. In 1991, appellant was placed in a nursing home in Payne, Ohio. Subsequently in October 1992, appellant's second

wife, Faye Armstrong, filed an application for appointment of guardian ("application"), alleging that appellant was in need of a guardian.

A hearing was held in November 1992, wherein the probate court determined that appellant was mentally and physically incompetent. Further testimony presented at trial indicated that Gary Armstrong believed no guardian should be appointed for his father. To the contrary, Faye Armstrong believed that a disinterested third person should be appointed as appellant's guardian. The probate court, in its November 20, 1992 judgment entry, agreed with Faye Armstrong. From this judgment entry, appellant appeals, asserting two assignments of error.

## Assignment of Error No. One

"The trial court erred as a matter of law in appointing Stephen E. Keister guardian of the person and estate of Ted Armstrong since said guardian did not appear at the hearing as required by Ohio Revised Code, section 2111.02(C)(1)."

Appellant argues that if the probate court were to appoint someone as his guardian, that person was required to be at the November 1992 hearing on the application.

R.C. 2111.02(C) outlines the procedures for a probate court to follow in holding a hearing on the issue of whether or not to appoint a guardian. Relevant to this assignment of error is R.C. 2111.02(C)(1), which states:

"The proposed guardian shall appear at the hearing * * *."

Appellant focuses on the word "shall" in R.C. 2111.02(C)(1) and argues that if a guardian is to be appointed, it is mandatory that that person be there. However, as is evident by the facts in this case, there must first be a "proposed" guardian before he or she is required to appear at the hearing.

On the application, under number five, the form requests "information concerning the prospective guardian." The applicant, Faye Armstrong, answered "Not Applicable." Prior to, during, and after the hearing on the application no one ever proposed a guardian for appellant. There is no provision in R.C. Chapter 2111 that a guardian be proposed prior to the hearing. Therefore, without a "proposed guardian," there is no error for the subsequently named guardian to not appear at the hearing on an application to appoint such guardian.

This assignment of error is overruled.

## Assignment of Error No. Two

"The trial court erred as a matter of law in appointing Stephen E. Keister guardian of the person and estate of Ted Armstrong since the trial court did not

consider evidence of a less restrictive alternative as required by Ohio Revised Code, sections 2111.02(C)(5) and (6)."

Appellant argues that the probate court erred in not considering the durable power of attorney executed by appellant naming his son as his attorney in fact, pursuant to R.C. 2111.02(C)(5) and (6). R.C. 2111.02(C)(5) and (6) state:

"Prior to the appointment of a guardian * * * the court shall conduct a hearing on the matter of the appointment. The hearing shall be conducted in accordance with all of the following:

" * * * *

"(5) Evidence of a less restrictive alternative to guardianship may be introduced, and when introduced, shall be considered by the court;

"(6) The court may deny a guardianship based upon a finding that a less restrictive alternative to guardianship exists."

To reiterate appellant's assignment of error, he argues only that the probate court erred as a matter of *law* in not considering these two subsections of R.C. 2111.02. There is no claimed error that the probate court abused its discretion in appointing a guardian for appellant.

A review of the November 1992 hearing transcript indicates that there was testimony concerning whether a disinterested third person should be appointed guardian of appellant's person and estate or whether the *status quo* should be maintained, with Gary continuing to maintain his father's financial affairs and related matters by retaining his status as attorney in fact. Appellant argues in his brief that the latter alternative, Gary Armstrong retaining durable power of attorney status, was the least restrictive alternative.

In the probate court's November 20, 1992 judgment entry, it states that pursuant to the hearing on the application:

"Statements of counsel were received and evidence adduced.

"At the conclusion of the evidence statements of counsel were received and the matter taken under advisement with counsel accorded the balance of the week to submit memoranda."

Thus, the probate court necessarily considered appellant's alleged least restrictive alternative, as it heard and considered all the evidence adduced at the hearing. Therefore, this assignment of error is overruled.

The judgment of the Paulding County Court of Common Pleas, Probate Division, is affirmed.

*Judgment affirmed.*

EVANS, P.J., and THOMAS F. BRYANT, J., concur.