OPINION
{¶ 1} Appellant Alvin Weisberg appeals the various decisions entered in the Mahoning County Probate Court, which removed him as guardian in four cases, conservator in one case, and trustee in one case. The sole issue is whether the probate court abused its discretion when it removed him from his fiduciary position in these cases, which have been consolidated on appeal upon his motion. For the following reasons, the probate court's decisions are hereby affirmed in all cases.
 ASSIGNMENT OF ERROR {¶ 2} Appellant's sole assignment of error provides:
 {¶ 3} "The court's removal as guardian/trustee/conservator in its judgment entries and orders dated June 27, 2003 and August 6, 2002 is an abuse of discretion."
 {¶ 4} Appellant assigns one error for all cases even though the facts, procedural history, and much of the law in each of the cases is different. Appellant concedes that the probate court has the discretion to remove guardians, conservators, or trustees; however, he urges that the probate court abused its discretion because the best interests of the wards/beneficiaries would be better served if he remained as guardian, conservator, or trustee. See In re Guardianship of Weiss (July 28, 1997), 7th Dist. No. 96CA135 (stating that probate court need only find that it is in the best interests of the ward to remove the guardian). Appellant reasons: "In most cases, Appellant had been the guardian or had some involvement for more than a decade, and considering the Wards' fragile mental and physical health, a sudden removal of Appellant from their lives can severely affect their daily functioning." He thus concludes that the trial court failed to consider the best interests of the wards in all cases.
 {¶ 5} Because the cases are all different, we must address each separately. We are hampered in that regard, however, due to the absence of a transcript which prohibits our determination of many of the factual issues. Basically, we are left to determine whether under the probate court's interpretation of the facts, the court acted unreasonably, arbitrarily, or unconscionably in removing appellant from his fiduciary position in each of the cases.
 IN RE THE GUARDIANSHIP OF MATTHEW MONUS, 03MA128 {¶ 6} Appellant Alvin Weisberg was the Director of the Jewish Family Services Agency. In this position, he apparently became acquainted with various individuals who needed to establish fiduciary positions to assist them with their finances. In 1986, he was appointed guardian of the person and the estate of Matthew Monus, who was deemed incompetent as a result of schizophrenia. The initial inventory listed the ward's assets as $7.31.
 {¶ 7} He filed his first guardian's report in September 2001. He claims that he filed a partial account in December 2001, but the probate court states he did not. In March 2003, appellant filed an application to approve expenditure of funds in the amount of $43,384 per year for the ward's monthly routine living expenses in anticipation of the ward's receipt of funds from his father's testamentary trust. In August 2002, appellant filed an application to expend funds to pay the ward's tuition for a course at Youngstown State University. On August 30, 2002, the probate court denied his request, suspended the guardianship, and issued a citation, ordering appellant to appear and show cause why he should not be removed as guardian based upon a lack of accountings.
 {¶ 8} Acting on orders, appellant filed an amended inventory and a first partial accounting on September 20, 2002. A magistrate recommended the citation be withdrawn and the application for expenditures be approved. The probate court filed exceptions to appellant's first partial account and ordered appellant to appear and show cause as to why he should not be removed as guardian.
 {¶ 9} Appellant appeared for a hearing on May 27, 2003. No record was made since appellant failed to request a court reporter as per the local rules. The court rejected the first partial accounting and supplemental inventory. The court issued a judgment entry on June 27, 2003, removing appellant as guardian of the estate (allowing him to remain guardian of the person), denying him fees, and penalizing him $100 plus costs.
 {¶ 10} The court cited R.C. 2109.302(A), which requires the guardian to render an account of the administration of the ward's estate at least once in each two years. The guardian must also render an account upon order of the probate court issued for good cause shown. This section further explains that every account shall include an itemized statement of all receipts of the guardian and of all disbursements and distributions made by the guardian during the accounting period. The itemized disbursements and distributions shall be verified by vouchers or proof. In addition, the account shall include an itemized statement of all funds, assets, and investments of the estate known to or in the possession of the guardian at the end of the accounting period and shall show any changes in investments since the last previous account. R.C. 2109.302(A).
 {¶ 11} The court also cited R.C. 2109.24, which provides that the fiduciary may be removed by the court and denied fees if he fails to make and file an inventory as required by R.C. 2111.14
or to render a just and true account of the fiduciary's administration at the times required by R.C. 2109.302 and if the failure continues for thirty days after the fiduciary has been notified by the court of the expiration of the relevant time. Pursuant to R.C. 2111.14(A), the guardian has the duty to make and file a full inventory within three months after appointment.
 {¶ 12} R.C. 2109.24 also allows the court to remove any such fiduciary, after giving the fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law.
 {¶ 13} Here, the court found that appellant failed to render an account every two years. The court noted that appellant's September 20, 2002 supplemental inventory projected an annual income of $120,000 from the trust but showed no receipts yet. The court then explained that appellant admitted receiving $5,000 from the trust in February 2002. Also, the court pointed out that Butler-Wick filed paperwork with the court on September 16, 2002, showing that $36,215.32 had been disbursed from the father's trust for the ward's benefit in the following manner: $28,140.39 to the guardianship; $3,187.49 to a restaurant for alleged meals for the ward; and $4,887.44 to Jewish Family Services for some type of reimbursement.
 {¶ 14} The court also stated that copies of cancelled checks in lump sum amounts are not sufficient proof to verify disbursements. The court found the following lump sum payouts lacking in particular receipts: $2,644.90 to a pharmacy for alleged prescriptions for the ward; $2,562.39 to a restaurant; and $10,675.94 to Jewish Family Services.
 {¶ 15} The court concluded that appellant failed to file a true and accurate inventory, disregarded orders of the court, and acted with neglect and incompetence. The court noted that appellant serves as a fiduciary in over twenty cases and thus, it would not accept "over-sight" or the advice of counsel as an excuse. Considering the facts found by the trial court, we do not believe that the trial court's decision to remove appellant was unreasonable, arbitrary, or unconscionable. Appellant violated numerous statutory duties; these violations support a finding that the best interests of the ward would be better served by a guardian who complied with the statutes that exist to ensure that his rights are protected.
 IN RE THE GUARDIANSHIP OF LARRY ROTH, 03MA129 {¶ 16} Appellant was appointed guardian of the estate of Mr. Roth on June 28, 1991. The estate was worth $63,000, and the ward received Social Security Disability. Appellant did not file the first inventory, which was due within three months of appointment, until December 20, 1991. The guardianship received numerous funds such as Social Security income and distributions from a trust established by the ward's father in the following amounts: over $80,000 in 1996, over $42,000 in 1997, over $46,000 in 1998, almost $35,000 in 1999, over $35,000 in 2000, and over $22,000 for part of 2001. Nevertheless, the next relevant filing was not until in December 2001, ten months after appellant was given notice of a delinquent account. At that time, appellant filed his first partial account and an application to retroactively approve the expenditure of funds.
 {¶ 17} The probate court took exception and various hearings were conducted. In January 2003, appellant filed an amended first partial accounting. A hearing on the exceptions and whether to remove appellant as guardian took place in May 2003. The court denied the application for retroactive authority to expend funds, removed appellant, denied him fees, and fined him $100 plus $25 in costs in its June 27, 2003 judgment entry.
 {¶ 18} The court noted that appellant's Fiduciary Acceptance and Oath of Guardian states that he will file accurate and timely accounts and will not make expenditures without the court's approval. The court disclosed that appellant made lump sum expenditures and that not only did he fail to produce receipts for the particular items purchased, but he also failed to produce canceled checks for a four year period.
 {¶ 19} The court found that appellant breached his fiduciary duties to provide a true and accurate accounting and to seek court approval before expending funds. He failed to amend his filings to reflect distributions from the ward's father's trust. The court characterized his acts and omissions as glaring and repetitive, warranting a finding of neglect of duty and incompetence. The court concluded that the interests of the trust required appellant's removal.
 {¶ 20} The court found that appellant violated R.C.2111.14(A) and (D) by failing to file a full inventory within three months of appointment and failed to obey all orders of the court touching the guardianship. The court then found that appellant violated R.C. 2109.302(A) as he failed to render an account at least once every two years and any time ordered by the court. He also violated this section by failing to include an itemized statement of receipts and disbursements that could be verified by vouchers or proof. Additionally, the court noted that appellant violated a local rule, which was detailed in the Oath and Fiduciary's Acceptance, by failing to file an account annually.
 {¶ 21} The court cited R.C. 2109.04 as authority for removal. The court next cited R.C. 2109.031(A), stating that if a fiduciary neglects or refuses to file an account or inventory when due or when ordered, the court may issue a citation to compel the filing. This section then states that if the citation is issued and the fiduciary still fails to file an account, the court may order the fiduciary's removal, deny fees, assess a $100 fine plus $25 in costs, and hold the fiduciary in contempt. R.C. 2109.031(C).
 {¶ 22} In reviewing the above findings of fact and conclusions of law, it is clear that the probate court did not act unreasonably, arbitrarily, or unconscionably in deciding to remove appellant as guardian in this case. Once again, appellant violated his fiduciary duties as imposed by statutes; the best interests of the ward revolve around a fiduciary who can be trusted to file the required disclosures.
 IN RE THE SPECIAL NEEDS TRUST OF JEFFREY MANDEL, 03MA130 {¶ 23} This special needs trust was created in June 2000 for the benefit of Mr. Mandel, who was mentally handicapped. Appellant was named the trustee. He did not file an inventory until November 2000, where he acknowledged receipt of $47,664 from an estate. In November 2002, a citation was issued alleging that appellant's account was delinquent. Appellant filed an application for retroactive approval to expend funds. The magistrate recommended dismissing the citation; however, the probate court filed exceptions to the account and gave notice to show cause as to why appellant should not be removed as trustee. A hearing took place in May 2003, and the court filed its judgment entry on June 27, 2003.
 {¶ 24} The probate court noted that the trust gives the court the right to remove the trustee at any time, with or without cause, and explains that the trustee must obtain prior court approval for expenditures. The court also noted that appellant signed the Oath and Acceptance, which disclosed these conditions. The court found that appellant repeatedly spent funds without prior court approval. For instance, he paid $1,500 for a pre-need funeral contract in September 2000. He also wrote a $500 check in September 2000 and a $200 check in June 2002 for spending money for some caregiver of the beneficiary. The court pointed out that appellant provided no receipts on how this $700 was spent.
 {¶ 25} The court concluded that while no cause is necessary to remove the trustee, cause nonetheless exists based upon neglect of duty and incompetence. Based upon the foregoing findings and conclusions, the probate court did not act unreasonably, arbitrarily, or unconscionably in removing appellant as trustee.
 IN RE THE CONSERVATORSHIP OF AARON DIMONT, 03MA131 {¶ 26} Appellant was appointed conservator for Mr. Dimont in July 1995. The September 1995 inventory showed over $210,000 in conservatorship assets. The conservator was not permitted to expend funds without prior court approval. In August 2002, the court issued a citation for a delinquent account and overruled a magistrate's decision to award appellant fiduciary fees. (In September 2003, we found that appellant filed an untimely appeal from the denial of past fees in appellate case number 02CA200.)
 {¶ 27} Various hearings took place. The first partial account was not filed until the end of 2002. Appellant filed a motion asking the court to reconsider its denial of fiduciary fees. The court gave notice to appear and show cause why he should not be removed as conservator. After a hearing on the matter, the court removed appellant in its June 27, 2003 judgment entry.
 {¶ 28} The court opined that appellant lacked credibility and that he ignored his duties. The court noted that appellant is a fiduciary in multiple cases and could not use ignorance of procedure as an excuse. The court held that appellant failed to report at least every two years in violation of R.C. 2109.302. The court found the account filed to be inaccurate. Further, the court disclosed that the conservatee's home was sold without the commencement of a land sale proceeding.
 {¶ 29} The court noted that appellant filed a motion to terminate the conservatorship due to the death of the conservatee, but not until more than one year had passed since the death. The court explained that the death of the conservatee automatically terminated the conservatorship, and thus, a final accounting should have been filed within thirty days of death. The court outlined appellant's various extensions and failures to meet the deadlines imposed by these extensions. The court concluded by terminating the conservatorship, refusing to reconsider the denial of fiduciary fees, and ordering appellant to report on the disposition of the realty.
 {¶ 30} Appellant's arguments under his sole assignment of error do not seem to relate to this case. The conservatorship was terminated due to the prior death of the conservatee. This termination cannot be reversed, and the best interests of the conservatee are no longer an issue. Based upon the arguments presented in the appellate brief in this case, there is no showing of an abuse of discretion.
 IN RE THE GUARDIANSHIP OF SYLVIA ESTULIN, 03MA132 {¶ 31} Appellant's brief does not list this case in the caption. Moreover, there is no statement of the facts or statement of the case for this case as there is for the other five cases. We previously asked appellant to file a jurisdictional memorandum on this case, and he failed to do so. Thus, it is possible he believed the order appealed was not final. Either way, any issues surrounding this case either have been waived or need not be addressed.
 IN RE THE GUARDIANSHIP OF LILLIAN SEIF, 03MA153 {¶ 32} In January 1995, appellant was appointed guardian of the person and the estate of Ms. Seif. In March 1995, he filed an inventory showing $13,603 in assets. He filed accounts in November 1997 and September 2000. In December 2002, a citation was issued for a delinquency, and appellant was ordered to appear and show cause. Various hearings took place. In January 2003, appellant filed an application for retroactive authority to expend funds. In April 2003, the probate court denied the application and took exceptions to the most recent account. After holding a hearing, the magistrate filed a report on July 25, 2003, which outlined some of the issues. The court released its judgment entry removing appellant as guardian on August 6, 2003.
 {¶ 33} The court held that appellant violated his duty to seek prior court approval to expend funds. The following expenditures were questioned by the court: $1,225 to a cemetery for a burial plot; $2,000 to Jewish Family Services for reimbursement for the purchase of pre-need funeral services; $2,429.89 to Jewish Family Services for "supposed" reimbursements for clothes, meals, and supplies; $1,078 and $742 for home healthcare; and $117.50 to Best Buy for a vacuum.
 {¶ 34} The court also noted that each expenditure is to be separately accounted for with canceled checks and receipts and complained about appellant's "habit of lump sum accounting for disbursements." The court chastised appellant for including the name of a fellow social worker on a now-closed guardianship account. The court concluded that appellant failed to file a true and accurate inventory, disregarded orders of the court, and neglected his duty. Based upon the above findings and conclusions of the probate court, we find no abuse of discretion for removing appellant as guardian.
 {¶ 35} In conclusion, appellant's claims that the wards' best interests were not considered when he was removed as guardian/trustee/conservator are without merit. He violated numerous statutory duties including repeated untimely filings. Presumably, compliance with the statutes enacted to protect the ward's estate is in the ward's best interests. As such, there is no abuse of discretion in any of the cases reviewed supra. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 36} For the foregoing reasons, the probate court's orders in all cases are hereby affirmed.
Waite, P.J., concurs.
Donofrio, J., concurs.