OPINION
{¶ 1} Appellant, Alvin J. Weisberg, timely appeals the August 12, 2004, decision of the Mahoning County Court of Common Pleas, Probate Division. This decision rejected in part the magistrate's prior recommendation that Appellant be appointed as the guardian of the person of Larry Roth, an incompetent.
 {¶ 2} Appellant was previously appointed guardian of the estate of Larry Roth on June 28, 1991. He was subsequently removed as guardian of the estate because he failed to timely file his accountings. This Court upheld his removal. In re Guardianship of Matthew Monus, et al., 7th Dist. Nos. 03 MA 128, 03 MA 129, 03 MA 130, 03 MA 131, 03 MA 132, 03 MA 153, 2004-Ohio-2808.
 {¶ 3} On April 6, 2004, Appellant filed his application for appointment of guardian of the person of Larry Roth. Thereafter, the court appointed a guardian ad litem for Larry Roth. On June 17, 2004, the court held a hearing before a magistrate regarding Appellant's application. Larry Roth and the court appointed guardian testified at the hearing.
 {¶ 4} The magistrate issued his decision on the date of the hearing, and he concluded that Larry Roth was in need of a guardian of the person. The magistrate also recommended that Appellant be appointed. (June 17, 2004, Magistrate's Decision.)
 {¶ 5} Thereafter, on August 12, 2004, the probate court issued its Judgment Entry and Orders Upon Magistrate's Decision. The probate court judge agreed that Roth was in need of a guardian of the person, however, the probate court disagreed with the magistrate's recommendation. The trial court ordered that Patricia Boldt of the Family Service Agency be appointed guardian of Roth's person, upon proper application, oath, and acceptance.
 {¶ 6} Appellant timely appealed the August 12, 2004, Judgment Entry and Orders. He raises three assignments of error on appeal. We will address Appellant's first and third assignments of error together herein since both concern the court's decision to reject the magistrate's recommendation. His first assignment of error asserts:
 {¶ 7} "The Mahoning County Probate Court abused its discretion in rejecting the Magistrate's Decision in part and appointing Patricia Boldt of Family Service Agency as the Guardian of the Person of Larry Roth, an incompetent."
 {¶ 8} His third assignment of error claims:
 {¶ 9} "The Mahoning County Probate Court erred by appointing Patricia Boldt of Family Service Agency as the Guardian of the Person of Larry Roth, an incompetent because such decision was against the manifest weight of the evidence as to the best interest of Mr. Roth."
 {¶ 10} A trial court is vested with broad discretion in appointing a guardian of a person deemed incompetent. An appellate court should review these decisions under the abuse of discretion standard. In reGuardianship of Koenig, 8th Dist. No. 81462, 2003-Ohio-1727, ¶ 25.
 {¶ 11} A lower court's decision should be upheld absent a clear abuse of discretion. Id. citing Mobberly v. Hendricks (1994),98 Ohio App.3d 839, 845, 649 N.E.2d 1247. An abuse of discretion is more than an error of law or in judgment; it suggests that the trial court's decision was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 12} Appellant claims that the trial court in the instant cause abused its discretion in failing to adopt the magistrate's recommendation to appoint Appellant as the guardian of the person of Larry Roth. Appellant directs this Court's attention to several reasons he claims support this assertion.
 {¶ 13} First, Roth consented at the hearing to the appointment of Appellant as the guardian of his person. Further, when asked by his guardian ad litem whether he could suggest individuals to act in this capacity, Roth was unable to suggest anyone else. (June 17, 2004, Tr., pp. 5, 7.)
 {¶ 14} In addition, the guardian ad litem concluded that Appellant has Roth's best interests at heart, and he recommended that Appellant be appointed as the guardian of Roth's person. (June 17, 2004, Tr., pp. 8, 9.)
 {¶ 15} In his interviews with Roth, the guardian ad litem indicated that he found that Roth speaks "very highly" of Appellant; that Roth interacts with Appellant and the other individuals at the nearby Jewish Family Services agency on a daily basis; and that Roth's relationship with Appellant spans more than a decade. (June 17, 2004, Tr., pp. 8-9.)
 {¶ 16} Appellant also points out in his brief that Roth's only next of kin consented to Appellant's appointment.
 {¶ 17} Notwithstanding the foregoing, the guardian ad litem's report filed with the court on the day of the hearing indicated that Roth initially objected to Appellant's appointment as the guardian of his person. Specifically, the report noted that Roth took issue with Appellant because he too closely monitored Roth's intake of medicines and his weekly allowance expenditures. (June 17, 2004, Report of Guardian Ad Litem.)
 {¶ 18} The report also acknowledged certain issues concerning Appellant's performance as guardian of the estate of Larry Roth. Appellant was removed as guardian of the Roth estate because he was evidently overwhelmed with the numerous fiduciary duties involved in accounting for expenditures.
 {¶ 19} Considering Appellant's shortcomings while acting as the guardian of the Roth estate, this Court noted in its prior decision:
 {¶ 20} "The [probate] court found that appellant breached his fiduciary duties to provide a true and accurate accounting and to seek court approval before expending funds. He failed to amend his filings to reflect distributions from the ward's father's trust. The court characterized his acts and omissions as glaring and repetitive, warranting a finding of neglect of duty and incompetence. The court concluded that the interests of the trust required appellant's removal."In re Monus, supra, at ¶ 19.
 {¶ 21} Notwithstanding the foregoing, the guardian ad litem concluded in his report that given Roth's numerous physical and psychological ailments, and the fact that Appellant has been informally acting in the position for 13 years, the guardian ad litem would agree with Appellant's appointment as the guardian of Roth's person. (June 17, 2004, Report of Guardian Ad Litem.)
 {¶ 22} Roth evidently suffers from paranoid schizophrenia. Appellant's brief asserts that Roth's life will be severely disrupted if someone other than Appellant is appointed as guardian over his person since the nature of his illness is to distrust everyone, and Appellant and Roth have a long history together.
 {¶ 23} Roth acknowledged at the hearing that he suffers from manic depressive disorder and takes antipsychotic medicine. Roth also explained his initial objection to Appellant's appointment. Roth stated that he felt Appellant too closely monitors his intake of medicine twice daily. However, Roth acknowledged that he has a history regarding failing to take his medicine as it is prescribed. (Tr., pp. 11-12.)
 {¶ 24} In In re Guardianship of Koenig, 8th Dist. No. 81462, 2003-Ohio-1727, there was no abuse of discretion in rejecting the applicant's application to appoint a guardian since the court investigation clearly showed concerns about the applicant's ability to care for the incompetent. Specifically, the applicant gave the incompetent prohibited food and she also withheld information concerning the incompetent's alcohol, drug, and violence issues. Id. at ¶ 28.
 {¶ 25} Unlike the facts in Koenig, supra, there is no indication in this court's record that there are any issues concerning Appellant's ability to care for Roth, personally. However, Appellant never requested findings of fact and conclusions of law.
 {¶ 26} In addition, the trial court's record does reflect its history of problems with Appellant acting in a fiduciary capacity. Further, the guardian ad litem's report reflected that Roth himself initially objected to Appellant acting as the guardian of his person.
 {¶ 27} Thus, although this Court may not have reached the same conclusions as the trial court based on the record before us, the record does reflect that the court was within its broad discretion in deciding not to appoint Appellant. In re Koenig, supra, at ¶ 25. As such, Appellant's first and third assignments of error lack merit.
 {¶ 28} Appellant's second assignment of error asserts:
 {¶ 29} "The Mahoning County Probate Court erred in appointing Patricia Boldt of Family Service Agency without providing notice pursuant to Ohio Revised Code Section 2111.04(A)(2)(b)."
 {¶ 30} In this assignment of error Appellant first argues that the trial court's decision must be reversed since the court gave no notice of the appointment of Patricia Boldt to Roth's next of kin pursuant to R.C. § 2111.04(A)(2)(b).
 {¶ 31} However, this argument lacks merit since it has been repeatedly held that the notice requirements pursuant to R.C. § 2111.04(A)(2) are satisfied when an alleged incompetent is put on notice that the court's jurisdiction has been invoked concerning whether or not a guardian should be appointed. In re Guardianship of Sechler (1996), 10th Dist. No. 96APF03-359, 3; In re Matter of Edwards (1998), 8th Dist. No. 72473, 2;In re Metzenbaum (1997), 8th Dist. No. 72052, 1, citing In reGuardianship of Bireley (1944), 59 N.E.2d 71, 41 Ohio Law Abs. 604.
 {¶ 32} The record clearly reflects that Roth's only next of kin consented to the appointment of Appellant as guardian over Roth's person. Further, Roth was present at the hearing. Thus, Roth and his next of kin had notice that the court's jurisdiction had been invoked for the purpose of appointing a guardian over Roth's person. As such, this argument lacks merit.
 {¶ 33} Appellant also claims that the trial court's decision must be reversed since the probate court failed to select a guardian who has an interest in Larry Roth. Appellant claims this is particularly important in the instant cause because the guardian ultimately appointed by the court has never had any contact with Roth.
 {¶ 34} Appellant directs this Court's attention to In re Estate ofBednarczuk (1992), 80 Ohio App.3d 548, 609 N.E.2d 1310, in support of this proposition. However, Bednarczuk concerns the rights of a parent of a minor child to be appointed as the guardian over the minor's person.Bednarczuk is inapplicable herein.
 {¶ 35} Based on the foregoing, Appellant's second assignment of error lacks merit and is overruled.
 {¶ 36} In conclusion, none of Appellant's arguments are persuasive and the trial court's judgment is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.