OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellants, Elizabeth Walton and Christ George, appeal the decision of the Mahoning County Court of Common Pleas, Probate Division, that appointed Latya Reed the guardian of Thelma Blair, an incompetent person. Appellants argue that Walton, as Blair's next of kin, did not receive notice of Reed's application and, therefore, that the appointment of her as guardian is void. However, Walton did have notice that incompetency proceedings had been instituted against Blair. Accordingly, she had the notice due to her under the statute. For these reasons, the trial court's decision is affirmed.
 Facts {¶ 2} On June 2, 2006, George filed an application to appoint himself as guardian of Thelma Blair, an alleged incompetent. Walton, Blair's cousin, was Blair's next of kin and waived the issuance of service and notice to her regarding the appointment of George as Blair's guardian. The magistrate held a hearing and, on June 16, 2006, found Blair incompetent by clear and convincing evidence, that there was no less restrictive alternative to a guardianship, and that George was a suitable person to be appointed guardian of the estate and person of Blair. The magistrate required that George post a $75,000.00 bond before being appointed guardian, which George did on June 20, 2006.
 {¶ 3} The probate court adopted the magistrate's decision in part and rejected it in part on June 23, 2006, concluding that a guardianship was necessary, but that George should not be appointed as guardian. There is no indication in the record that the trial court reviewed a transcript of the hearing before the magistrate, since the transcription was not completed until September 5, 2006. It ordered that the Mahoning County Children and Family Service Agency immediately apply to be appointed Blair's guardian. On June 26, 2006, a member of the Agency, Latya Reed, applied to be appointed guardian and the probate court granted that application the same day.
 {¶ 4} On July 24, 2006, Walton and George filed a notice of appeal from the probate court's June 23rd decision denying George's application to be guardian, but that notice of appeal did not reference the probate court's June 26th appointment of Reed as guardian. That notice of appeal is the document which instituted the present appeal. *Page 2 
That same day, Walton and George moved for relief from the June 23rd judgment pursuant to Civ.R. 60(B).
 {¶ 5} Appellants' sole assignment of error on appeal argues:
 {¶ 6} "The probate court erred in appointing Latya Reed guardian of the person and estate of Thelma Blair in light of the failure to hold hearing on her application at least seven (7) days after notice had been served on Thelma Blair, the prospective ward and upon Elizabeth Koontz Walton, Thelma's only in-state next of kin, in accordance with the terms and mandatory provisions of Section 2111.04(2)(b) of the Revised Code of Ohio."
 {¶ 7} Appellants challenge the trial court's appointment of Reed as guardian of Blair, arguing that R.C. 2111.04(A)(2)(b) required notice of Reed's application to Walton seven days before the trial court granted that appointment. However, R.C. 2111.04(A)(2)(b) does not require notice of every application to be a guardian of an alleged incompetent, only notice that guardianship proceedings have begun.
 {¶ 8} We recently dealt with this same issue in In re Guardianship ofRoth, 7th Dist. No. 04 MA 199, 2005-Ohio-5057. In that case, Alvin Weisberg applied to be appointed guardian of an alleged incompetent person, Roth, and Roth's next of kin had notice of that proceeding. After a hearing, a magistrate found Roth was incompetent and in need of a guardian and recommended that Weisberg be appointed as guardian. The probate court agreed that Roth was incompetent and in need of a guardian, but disagreed with the magistrate's recommendation that Weisberg be that guardian and appointed a member of the Family Services Agency as guardian instead.
 {¶ 9} On appeal, Weisberg made the same argument as Appellants in this case, contending that the trial court could not appoint a member of the agency as guardian since the next of kin had not been notified that this was a possibility. We disagreed.
 {¶ 10} "[T]his argument lacks merit since it has been repeatedly held that the notice requirements pursuant to R.C. § 2111.04(A)(2) are satisfied when an alleged incompetent is put on notice that the court's jurisdiction has been invoked concerning whether or not a guardian should be appointed. In re Guardianship of Sechler (1996), 10th Dist. No. 96APF03-359, 3; In re Matter of Edwards (1998), 8th Dist. No. 72473, 2; In re Metzenbaum (1997), 8th Dist. No. 72052, 1, citing In reGuardianship of Bireley (1944), *Page 3 
59 N.E.2d 71, 41 Ohio Law Abs. 604.
 {¶ 11} "The record clearly reflects that Roth's only next of kin consented to the appointment of Appellant as guardian over Roth's person. Further, Roth was present at the hearing. Thus, Roth and his next of kin had notice that the court's jurisdiction had been invoked for the purpose of appointing a guardian over Roth's person. As such, this argument lacks merit." Id. at ¶ 31-32.
 {¶ 12} This case presents the exact same facts. Walton had notice of George's application to be appointed as guardian of Blair and consented to that appointment. Blair also had notice and was present at the hearing. Thus, Walton and Blair both had notice the court's jurisdiction had been invoked for the purpose of appointing a guardian over Blair's person. Appellants' argument that the appointment of Reed as guardian is void is meritless.
 {¶ 13} In their brief, Appellants also mention that they believe George should have been appointed as guardian, but only give five sentences offering no real legal argument in support of this belief. We disregard this argument for two reasons. First, Appellants have failed to separately argue this issue. App.R. 12(A)(2). Second, Appellants have failed to support with citations to the authorities, statutes, and parts of the record on which appellant relies. App.R. 16(A)(7); App.R. 12(A)(2).
 {¶ 14} In conclusion, Appellants make an argument which we clearly rejected in Roth. Walton clearly had notice that incompetency proceedings had been instituted involving Blair. Accordingly, she received the notice due to her under R.C. 2111.04(A)(2)(b). Appellants' arguments are meritless. Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1