[Cite as *In re Guardianship of Morello*, 2017-Ohio-5789.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN RE:

    GUARDIANSHIP OF

    PHILLIP J. MORELLO

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Earle E. Wise, Jr., J.

Case No. 2017 CA 00027

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 227283 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | July 10, 2017 |

APPEARANCES:

For Appellant

JOHN A. MURPHY, JR.
RICHARD W. ARNOLD
JILLIAN L. ARMSTRONG
DAY KETTERER LTD.
200 Market Avenue North, Suite 300
Canton, Ohio  44702

Guardian of the Estate

BRIAN L. ZIMMERMAN
B ZIMMERMAN LAW
229 Third Street, NW, Suite 200
Canton, Ohio  44702

For Appellee Ginella

STANLEY R. RUBIN
437 Market Avenue North
Canton, Ohio  44702

Guardian of the Person

ALICIA PRICE
400 West Tuscarawas Street
Suite 200
Canton, Ohio  44702

*Wise, John, J.*

**{¶1}** Appellant Phillip J. Morello appeals the decision of the Stark County Court of Common Pleas, Probate Division, which named Attorney Brian L. Zimmerman as the guardian of his estate. The relevant facts leading to this appeal are as follows.

**{¶2}** The ward and appellant in this matter is 93-year-old Phillip J. Morello. In May 2013, prior to the commencement of the guardianship action presently at issue, Appellant Phillip and his wife Catherine (now deceased) formed a joint trust. Among other things, the trust named appellant and a nephew of Catherine as co-trustees.

**{¶3}** On October 11, 2016, Attorney Andrew Ginella, with the assistance of counsel, filed an application for the appointment of a guardian of appellant, alleged to be incompetent by reason of inability to make appropriate decisions concerning his financial affairs. Attorney Ginella therein asked to be named guardian of appellant's person and estate. The probate court thereupon set the matter for hearing on November 15, 2016.

**{¶4}** On October 27, 2016, the probate court issued an order compelling an expert evaluation of appellant.

**{¶5}** On November 3, 2016, appellant, with the assistance of counsel, filed a motion to dismiss the guardianship action, or, in the alternative, to have appellant's brother, Frank Morello, age 87, appointed as guardian. Appellant's motion to dismiss alleged that "less restrictive alternatives" were available, in the form of a health care power of attorney and a durable power of attorney executed in 2014 in favor of Frank Morello.[1] The motion to dismiss also stated that Attorney Ginella was a stranger to appellant.

---

[1] It appears undisputed that the durable power of attorney nominated Frank as guardian in the event of appellant's incapacity.

**{¶6}** The probate court thereupon set the matter for a hearing on December 12, 2016.

**{¶7}** In the meantime, on December 2, 2016, Frank Morello filed a *pro se* application to be named guardian of appellant. Said application was also set for a hearing on December 12, 2016, at the same time as the hearing on Attorney Ginella's application.

**{¶8}** The probate court conducted an evidentiary hearing on the pending issues as scheduled on December 12, 2016. Following the hearing, the matter was taken under advisement.[2] *See* Tr. at 118.

**{¶9}** Via a notice issued December 14, 2016, the probate court ordered the case referred to a mediation conference to be conducted on December 21, 2016. Mediation was unsuccessful except as to the issue of guardianship of the person. Thereafter, no court decision ensued explicitly as to the remainder of the aforesaid competing guardianship applications.

**{¶10}** However, on January 11, 2017, Attorney Brian Zimmerman filed an application to be named as the guardian of the estate of appellant. In a judgment entry issued on the same day, the probate court found appellant to be "incompetent by reason of mental and physical disabilities." The court therein proceeded to name Attorney Zimmerman as guardian of the estate of appellant.

---

[2] A neurologist's evaluation of appellant is referenced in the transcript of the December 12, 2016 hearing. Appellant's medical condition does not appear to be in dispute in the present appeal.

{¶11} In addition, Alicia Price of Coleman Professional Services filed an application to be named guardian of the person of appellant on January 12, 2017. The probate court granted Price's application on the same day.[3]

{¶12} On February 10, 2017, appellant filed a notice of appeal of the January 11, 2017 judgment entry naming Attorney Zimmerman as guardian of the estate for appellant. Appellant herein raises the following four Assignments of Error:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED THAT A GUARDIANSHIP WAS NECESSARY DESPITE THE EVIDENCE OF LESS RESTRICTIVE ALTERNATIVES.

{¶14} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT APPOINT FRANK MORELLO, APPELLANT'S NOMINATED GUARDIAN, AS GUARDIAN.

{¶15} "III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT APPOINT FRANK MORELLO OR ANOTHER FAMILY MEMBER OF APPELLANT AS GUARDIAN RATHER THAN A STRANGER WITH A CONFLICT OF INTEREST.

{¶16} "IV. THE TRIAL COURT'S APPOINTMENT OF BRIAN ZIMMERMAN AS GUARDIAN OF THE ESTATE WAS IN VIOLATION OF R.C. 2111.04 AND THEREFORE THE COURT LACKED JURISDICTION TO APPOINT A GUARDIAN."

IV.

{¶17} In his Fourth Assignment of Error, which we find dispositive of this appeal, appellant contends the trial court lacked jurisdiction to proceed on Attorney Zimmerman's application to be named as guardian of the estate. We agree.

---

[3] Appellant is not presently challenging the naming of the guardian of the person.

**{¶18}** R.C. 2111.04(A) states in pertinent part:

Except for an interim or emergency guardian appointed under division (B)(2) or (3) of section 2111.02 of the Revised Code, no guardian of the person, the estate, or both shall be appointed until at least seven days after the probate court has caused written notice, setting forth the time and place of the hearing, to be served as follows:

***

(2) In the appointment of the guardian of an incompetent, notice shall be served as follows:

(a)(i) Upon the person for whom appointment is sought by personal service, by a probate court investigator, or in the manner provided in division (A)(2)(a)(ii) of this section. The notice shall be in boldface type and shall inform the alleged incompetent, in boldface type, of the alleged incompetent's rights to be present at the hearing, *to contest any application for the appointment of a guardian* for the alleged incompetent's person, estate, or both, and to be represented by an attorney and of all of the rights set forth in division (C)(7) of section 2111.02 of the Revised Code.

***

(b) Upon the next of kin of the person for whom appointment is sought who are known to reside in this state.

***. (Emphasis added).

**{¶19}** In *In re Guardianship of Reynolds* (1956), 103 Ohio App. 102, 106, the Ohio Supreme Court stated: "*** [C]ompliance with the provisions of Section 2111.04, Revised

Code, with respect to personal service is mandatory before the court acquires jurisdiction, and that a judgment declaring such person incompetent and the appointment of a guardian for his person and estate are void for lack of due process when such person has not been personally served with notice."

**{¶20}** However, our research indicates that several appellate decisions have relied upon the pre-Revised Code case of *In re Guardianship of Bireley* (1944), 59 N.E.2d 71, 41 Ohio Law Abs. 601, 606, for the general rule that where the initial application for guardianship has been properly served, notice need not be given to the ward that a second person has applied for a guardianship, even if the second person is ultimately appointed guardian.

**{¶21}** For example, in *In the Matter of Sechler*, 10th Dist. Franklin No. 96APF03-359, 1996 WL 745251, the appellant, Rita Market, had applied for appointment as successor guardian of the ward's estate and person. Following a hearing, the magistrate recommended, and the probate court approved, appellant's appointment as the guardian of the person; however, an attorney, R. Douglas Wrightsel, was instead appointed to act as guardian of the estate. On appeal, the Tenth District Court referenced *Bireley*, *supra*, and determined that "the failure of the probate court to give further notice before appointing Wrightsel as guardian of the estate was not such an irregularity as to invalidate his appointment." However, our reading of *Sechler* indicates that Attorney Wrightsel's appointment was at least announced at the hearing, as the Tenth District Court made specific mention that neither Appellant Market, her counsel, nor counsel for the former successor guardian had asserted any lack of notice at said hearing when Wrightsel was appointed.

{¶22} In *In re Metzenbaum*, 8th Dist. Cuyahoga No. 72052, 1997 WL 428612, the appellant, Shane Metzenbaum, had filed an application to be appointed guardian of his father, Irwyn Metzenbaum. The probate court set a hearing on the application, which was continued until February 10, 1997. In the meantime, on February 5, 1997, a second application for guardianship was filed by the appellee, Howard Linder, the prospective ward's son-in-law. Appellant Metzenbaum maintained there had not been proper service of Linder's competing application. The Eighth District Court of Appeals upheld Linder's appointment, finding the notice requirements of R.C. 2111.04 had been satisfied "[b]ecause Linder's intervening application did not in any way impair [the ward] Irwyn's substantive right to due process ***." *Id.* However, we observe that Linder's application in that case was filed before the hearing, and was presumably at least subjected to challenge by Shane Metzenbaum and/or the ward at the February 10, 1997 hearing.

{¶23} In *In re Guardianship of Poschner*, 7th Dist. Mahoning No. 03MA53, 2003-Ohio-5148, the appellant, Emil Basista, had filed an application for the appointment of a guardian of George Poschner, his brother-in-law. A competing application for appointment was filed by Thomas Christmas, Poschner's nephew. On December 11, 2002, following a hearing, the probate court magistrate issued decisions appointing Appellant Basista as the guardian of the person and the Butler Wick Trust Company as the guardian of the estate. Following Basista's objection to the magistrate's decision, the trial court upheld the appointment of Butler Wick. Although the Seventh District Court of Appeals reversed on other grounds, it stated that "*** even if Butler Wick had filed an application prior to the magistrate's decision, neither Poschner nor Basista were required to receive notice of this application." *Id.* at ¶ 24. The Court further found that the notice

statute is merely concerned with "the right to know that the court is going to determine whether a guardian needs to be appointed." *Id.*

**{¶24}** We note the Seventh District has applied similar reasoning in *In re Guardianship of Roth,* 7th Dist. No. 04 MA 199, 2005-Ohio-5057 and *In re Guardianship of Blair*, 7th Dist. Mahoning No. 06 MA 108, 2007-Ohio-3335.

**{¶25}** Nonetheless, in considering the application of *Bireley* and its progeny in the case *sub judice*, we must emphasize that Attorney Zimmerman's non-emergency application for guardianship was filed nearly one month after the hearing on the competing applications of Frank Morello and Attorney Ginella, while the matter was still pending, and the standard judgment entry in the file appointing Mr. Zimmerman says nothing as to the probate court's apparent rejection of the other two applications. While we recognize that R.C. 2111.02(A) states that "if found necessary," a probate court has the authority to appoint a guardian on its own motion, in this instance we find such authority cannot override the statutory notice provisions and the fundamental due process rights of the ward under circumstances where an additional application has been abruptly filed nearly a month after a hearing on the prior applications, during the time the guardianship issue had been taken under the court's advisement following a hearing.

**{¶26}** Furthermore, R.C. 2111.02(C) states that "[p]rior to the appointment of a guardian or limited guardian under division (A) or (B)(1) of this section, the court shall conduct a hearing on the matter of the appointment." R.C. 2111.02(C)(1) continues: "The proposed guardian or limited guardian shall appear at the hearing and, if appointed, shall swear under oath that the proposed guardian or limited guardian has made and will continue to make diligent efforts to file a true inventory in accordance with section 2111.14

of the Revised Code ***." In this instance, because Attorney Zimmerman filed his application after the December 12, 2016 hearing, we additionally hold the probate court failed to comply with the mandate of R.C. 2111.02(C)(1) that he be present at a proper hearing on behalf of his application. *See In re Guardianship of Armstrong*, 87 Ohio App.3d 452, 453, 622 N.E.2d 441 (3rd Dist.1993).

**{¶27}** Appellant's Fourth Assignment of Error is therefore sustained, and the matter will be remanded for a hearing on Attorney Zimmerman's application and any other necessary matters, with proper notice to the requisite parties or persons, and for a final judgment entry in regard to the three guardianship applications.

I., II., III.

**{¶28}** In his First Assignment of Error, appellant challenges the probate court's determination that a guardianship was necessary in this matter. In his Second Assignment of Error, appellant maintains the trial court erred in implicitly declining to appoint Frank Morello as guardian of his estate. In his Third Assignment of Error, appellant argues the probate court erred in appointing Attorney Zimmerman, a non-family member and stranger to appellant, as guardian of his estate.

**{¶29}**  Based on our previous conclusions herein, we find these assigned errors to be presently premature. *See* App.R. 12(A)(1)(c).

**{¶30}**  For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Stark County, Ohio, is hereby reversed and remanded.

By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.

JWW/d 0621