[Cite as *Vari v. Coppola*, 2019-Ohio-3475.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

LOUIS M. VARI, EXECUTOR OF THE ESTATE OF JODI A. COPPOLA,

Plaintiff-Appellant,

v.

CAROL COPPOLA,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0114**

---

Civil Appeal from the
Court of Common Pleas, Probate Division, of Mahoning County, Ohio
Case No. 2017 CI 00027

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. John McNally III*, John A. McNally, III, Co., L.P.A., 100 East Federal Street, Suite 600, Youngstown, Ohio 44503, for Plaintiff-Appellant and

*Atty. Glenn Osborne,* and, *Atty. T. Scott Kamenitsa Jr,* Friedman & Rummel Co., L.P.A., 3801 Starrs Centre Drive, Canfield, Ohio 44406, for Defendant-Appellee.

Dated: August 26, 2019

**D'Apolito, J.**

**{¶1}** Appellant, Louis M. Vari, Executor of the Estate of Jodi A. Coppola, appeals from the September 27, 2018 judgment of the Mahoning County Court of Common Pleas, Probate Division, finding Appellee, Carol A. Coppola, not guilty of concealing assets under R.C. 2109.50. For the reasons stated, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** Appellee's daughter, Jodi Coppola ("the decedent") passed away in 2012 after battling cancer. The decedent left behind her parents, Joe Coppola and Appellee; her companion, Appellant; her children, Kate, Lily, Carlina, and Patrick; her brother, Joe Coppola III; and various aunts, uncles, nieces, and nephews.

**{¶3}** Before her death, a public spaghetti dinner was held in the decedent's honor. The fundraiser was a success, raising around $25,000. The decedent took the proceeds from the dinner and placed the cash in a safety deposit box at a local bank. Shortly thereafter, the decedent added Appellee's name to the safety deposit box. The decedent gave the money to Appellee and instructed her that the funds were to be held for the benefit of the decedent's children. The decedent also instructed Appellee that she did not want Appellant to have access to the funds. The keys to the safety deposit box were held by the decedent and Appellee only.

**{¶4}** After the decedent's passing, Appellee used some of the funds for the benefit of the decedent's four children in accordance with her wishes. Appellee used some of the funds on a variety of necessaries for the children, including: first communion expenses; clothing; school supplies; miscellaneous expenses; and a trip to Disney World.

**{¶5}** According to Appellant, the cash in the safety deposit box belonged to the decedent. Appellant posits that Appellee should not have been entitled to use the funds as she has done so over the last six years.

**{¶6}** On May 22, 2018, Appellant filed a complaint for concealment against Appellee. On June 14, 2018, Appellee filed an answer. A bench trial was held on July 24, 2018.

{¶7} On September 27, 2018, the probate court found Appellee not guilty of concealing assets under R.C. 2109.50, determined that the safety deposit contents in the amount of approximately $25,000 in cash did not belong to the decedent at the time of her death, and imposed a constructive trust over the $6,000 remaining in the safety deposit box to be divided equally into four new accounts for the decedent's children and held until each child reaches the age of majority. Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED BY DISMISSING THE PETITION FILED BY THE OBJECTOR LOUIS VARI AND ERRED IN GRANTING JUDGMENT FOR THE DEFENDANT, CAROL A. COPPOLA.**

{¶8} This court will disregard an assignment of error if an appellant fails to comply with App.R. 16(A)(7). *See State ex rel. Tri-State Group, Inc.*, 7th Dist. Belmont No. 03 BE 61, 2004-Ohio-4441, ¶ 24-25; *see also In re Guardianship of Blair*, 7th Dist. Mahoning No. 06 MA 108, 2007-Ohio-3335, ¶ 13 (The appellants' argument was disregarded because they failed to support their contention with citations to relevant authority as required by App.R. 16(A)(7)).

{¶9} App.R. 16(A)(7) states in pertinent part:

(A) Brief of the Appellant. The appellant shall include in its brief * * *:

* * *

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies.

{¶10} An appellant has a burden of affirmatively demonstrating error on appeal. App.R. 16(A)(7). "An appellate court 'has no duty to search the record in order to find support for appellant's position.'" *Tri-State Group, supra,* at ¶ 25, quoting *State v.*

*High,* 143 Ohio App.3d 232, 250, 757 N.E.2d 1176 (7th Dist.2001). "'If an argument exists that can support [an] assignment of error, it is not this court's duty to root it out.'" *Wells Fargo Bank, N.A. v. Jarvis*, 7th Dist. Columbiana No. 08 CO 30, 2009-Ohio-3055, ¶ 33, quoting *State ex rel. Petro v. Gold,* 166 Ohio App.3d 371, 2006-Ohio-943, ¶ 94 (10th Dist.).

{¶11} In this case, Appellant sets forth a six-sentence argument in support of this assignment of error. In his first three sentences, Appellant concedes that he has no issue with the probate court's decision to divide the remainder of the funds equally among the decedent's four children. Thus, as a result of Appellant's concession, this court need not address this issue. *See generally Brodess v. Bagent*, 10th Dist. Franklin No. 04AP-623, 2005-Ohio-20, ¶ 10; *State v. Jacobs*, 4th Dist. Ross No. 08CA3028, 2009-Ohio-68, ¶ 20, fn.1.

{¶12} In his last three sentences, Appellant maintains that Appellee should be required to account for the money she spent for the benefit of the decedent's children. Appellant, however, did not plead accounting nor was it tried before the court below. Rather, Appellant filed a complaint against Appellee for concealment under R.C. 2109.50. Thus, this argument is not properly before us. *See Gonzales v. Perez*, 7th Dist. Carroll No. 13 CA 893, 2015-Ohio-1282, ¶ 17 (holding that issues not raised before the trial court cannot be raised for the first time on appeal); *Harrison v. Faseyitan*, 159 Ohio App.3d 325, 2004-Ohio-6808, ¶ 29 (7th Dist.) (holding that an R.C. 2109.50 concealment action is not a substitute for a civil action to obtain a money judgment or an accounting).

{¶13} In addition, Appellant has failed to cite to any legal authority relative to his argument and to this assignment of error. As such, Appellant has not met his burden of affirmatively demonstrating error on appeal. App.R. 16(A)(7).

{¶14} In any event, the record establishes that the probate court properly determined, following a bench trial, that the contents in the safety deposit box were not assets of the estate. *See generally Walker v. Eisenberg*, 184 N.E.2d 465, 466 (8th Dist.1962). Specifically, the probate court stated the following in its September 27, 2018 judgment entry:

> Based upon the evidence presented, the Court finds that the decedent, Jodi
> A. Coppola, was the recipient of funds raised from a public spaghetti

fundraiser organized to assist the decedent with the cost of her cancer illness. The evidence was unable to establish an exact amount of funds received by the decedent from the fundraiser; however, it was generally agreed that approximately $25,000.00 cash was received and placed into a safety deposit box at the *Home Savings & Loan*. Shortly after the cash was placed in the safety deposit box, the decedent added Carol Coppola's [Appellee] name to the safety deposit box and gave her instructions that the funds in the safety deposit box were to be held for the benefit of the decedent's children and that she did not want her companion, Louis M. Vari [Appellant], to have access to the funds.

Testimony was provided by [Appellee], and established the fact that she accepted the funds and the conditions placed on the funds by the decedent and she began using those funds according to [the decedent's] instructions. [Appellee] further testified that the decedent never used any of the money as she passed shortly after the fundraiser and that she [Appellee] has been the only one who has used the funds in the safety deposit box for the benefit of [the decedent's] children. Currently there remains approximately $6,000.00 in the safety deposit box.

[Appellant] argues that the cash in the safety deposit box were funds of the decedent and that [Appellee] should not have been entitled to use the funds as she has over the last six (6) years. [Appellant] is requesting the funds be returned through a concealment of assets action under R.C. 2109.50.

When dealing with a concealment action, the Court must first find that the assets were taken from the Estate, after the decedent's death (See: *Harrison v. Fascyitan*, 2004 Ohio 6808). In the instant matter, the Court finds that the funds were placed in the safety deposit box by the decedent for the benefit of her children with restrictions on how the funds were to be used. [Appellee] acknowledged that the funds in the safety deposit box were placed into her hands by her daughter for the benefit of her children.

Case No. 18 MA 0114

[Appellee] accepted the funds with those restrictions and has continued to use the funds for the benefit of the children, buying them clothing items and gifts as well as a trip to *Walt Disney World.*

Therefore, it is the decision of this Court that [Appellee] is not guilty of concealing Estate assets pursuant to R.C. 2109.50 as the assets in the safety deposit box did not belong to the decedent at her death and therefore a concealment action cannot be brought to recover assets that never belonged to the Estate. However, equity requires that a constructive *Trust* be found to exist since [Appellee] herself acknowledged in her testimony that the funds in the safety deposit box do not belong to her and that she was holding and using the funds for the benefit of the decedent's children.

* * *

Therefore, it is the further Order of this Court that a constructive *Trust* be imposed upon the remaining cash in the safety deposit box and that those funds are to be inventoried by a representative of the *Mahoning County Auditor's Office.* Once inventoried, the funds are to be equally divided into four (4) new accounts to be established at *Home Savings & Loan* in the name of the decedent's children * * *. The funds are to be held in these Court restricted accounts with no withdrawals allowed until the children reach the age of majority or earlier only upon Court Order.

(9/27/18 Judgment Entry, p.1-2).

{¶15} Based on the facts presented, the probate court did not err in its findings as the record supports that Appellee was not guilty of concealing assets because the contents in the safety deposit box did not belong to the decedent at her death. A concealment action cannot be brought to recover assets that never belonged to the estate. The probate court properly concluded that equity requires that a constructive trust be found to exist since Appellee herself acknowledged that the funds in the safety deposit box did not belong to her and that she was holding and using the funds for the benefit of

Case No. 18 MA 0114

the decedent's children, in accordance with the decedent's wishes. *See Ferguson v. Owens*, 9 Ohio St.3d 223, 225, 459 N.E.2d 1293 (1984).

## CONCLUSION

**{¶16}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Mahoning County Court of Common Pleas, Probate Division, finding Appellee not guilty of concealing assets under R.C. 2109.50 is affirmed.


Donofrio, J., concurs.

Robb, J., concurs.

[Cite as *Vari v. Coppola*, 2019-Ohio-3475.]

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Probate Division, of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**